UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BOBBY LEN FRANKLIN,<br><br>                    Plaintiff,<br>vs.<br><br>TOWN OF LAUGHLIN NEVADA, *et al.*,<br><br>                    Defendants. | Case No.: 2:24-cv-00903-GMN-DJA<br><br>**ORDER GRANTING<br>MOTION TO DISMISS** |

Pending before the Court is a Motion to Dismiss, (ECF No. 7), filed by Defendant Town of Laughlin Nevada. Plaintiff Bobby Franklin filed a Response, (ECF No. 13), to which Defendant Laughlin filed a Reply, (ECF No. 16). Defendants BWD Properties 3, LLC, BWD Properties 4, LLC, Don Laughlin's Riverside Resort Hotel and Casino, and William R. Urga filed a Joinder, (ECF No. 17), as did Defendant United States of America, (ECF No. 31). Also pending before the Court are Plaintiff's Motion for the Court to Review the Final Interior Decision, (ECF No. 20),[1] and Plaintiff's Motion for Leave to Respond, (ECF No. 38).[2]

Because Plaintiff did not obtain leave from the Court to file this civil action, the Court **GRANTS** the Partial Motion to Dismiss.

---

[1] In his Motion, Plaintiff argues that Defendant Urga is falsely claiming that the Interior Bureau of Land Appeals ("IBLA") remanded the matter back to the Bureau of Land Management ("BLM"); however, the final line of the IBLA decision states that "the decision appealed from is reversed and *the case is remanded* to BLM for action consistent with this opinion." *Bobby L. Franklin*, 116 IBLA 29, 31, 1990 WL 308036 (1990) (emphasis added). Thus, while Plaintiff is correct that the IBLA reversed the BLM's decision, it also remanded for the BLM to conduct further review. Plaintiff's Motion asks the Court to review the 1990 IBLA decision, which the Court has already done in preparation for this Order, and thus his separately filed motion is DENIED as moot.

[2] Similar to Plaintiff's prior motion, (ECF No. 20), this motion requests leave to file a Surreply because the Reply is "void" of Franklin's patent rights as published in the 1990 IBLA decision. (Mot. Leave at 1, ECF No. 38). As the Court has already explained, Defendant Urga's assertion that the IBLA decision remanded the matter back to the BLM is not false, and Plaintiff has already made this argument to the Court. "A sur-reply may only be filed by leave of court, and only to address new matters raised in a reply to which a party would otherwise be unable to respond." *Kanvick v. City of Reno*, No. 3:06–cv–00058, 2008 WL 873085, at *1, n. 1 (D. Nev. Mar. 27, 2008). Plaintiff's Motion for Leave is DENIED.

I. **BACKGROUND**

This case arises out of the Bureau of Land Management's ("BLM's") denial of Plaintiff's Desert Land Entry ("DLE") application in 1988, and Defendants' alleged fraudulent actions following the denial. (*See generally* Compl., ECF No. 1). Plaintiff alleges that he purchased 80 acres of land pursuant to the Desert Land Entry Act, and about 20 years later, D.J. Laughlin acquired three adverse patents for the same land and transferred the rights to "BWD LLC shell companies." (*Id.* ¶¶ 6–7). He further alleges that Mr. Laughlin paid his attorney, Defendant Urga, to convince Judge Sandoval to omit Plaintiff's existing patent rights from pretrial discovery, which led to Judge Sandoval granting ownership of the land to the shell companies. (*Id.* ¶ 8). Plaintiff brings claims for violations of RICO. (*Id.* ¶¶ 20–23). Defendants move to dismiss because in 2008, Judge Hunt enjoined Plaintiff from filing further civil actions based on his 1988 DLE application without first obtaining leave of the court. (*See generally* Mot. Dismiss, ECF No. 7); (Judge Hunt Order, Ex. 1 to Mot. Dismiss, ECF No. 7-1).

II. **LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### III.         DISCUSSION

Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (quoting *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).  Courts may also take judicial notice of "court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).  Because then-Chief Judge Hunt's order is directly related to this case and is public record, the Court takes judicial notice of the order in *Franklin v. Chatterton*, No. 2:07-cv-1400-RLH-RJJ, 2008 WL 11451136 (D. Nev. Apr. 21, 2008).

The Parties and Judge Hunt provide background for this case, which the Court briefly summarizes.  In 1988, Plaintiff applied for a plot of desert land near Laughlin, Nevada, pursuant to the DLE. *Id.* at *1.  The BLM denied his application because the property was the subject of prior mining, and Plaintiff appealed to the Interior Board of Land Appeals ("IBLA").  The IBLA reversed and remanded, requiring the BLM to determine whether the land should be classified as open to the DLE. *Bobby L. Franklin*, 116 IBLA 29, 31, 1990 WL 308036 (1990).  On remand, the BLM found that the property was mineral in character and that it properly denied Plaintiff's application. *Chatterton,* 2008 WL 11451136, at *1.  Plaintiff did not appeal, but rather filed an action in federal court that was dismissed for failure to exhaust administrative remedies and lack of subject matter jurisdiction. *Id.*; *Franklin v. United States*, No. cv-s-93-01140-PMP-LRL (D. Nev. Nov. 15, 1993).  The Ninth Circuit affirmed the dismissal. *Franklin v. United States*, 46 F.3d 1140 (9th Cir. 1995).

Judge Hunt detailed Plaintiff's history of repeatedly filing frivolous claims arising from his DLE application, including his third suit in 1997, and subsequent suits in 2004, 2005, 2006, and 2007. *Chatterton,* 2008 WL 11451136, at *2–3. Due to Plaintiff's litigation history, Judge Hunt ordered that he "may not file any civil action based on his 1988 Desert Land Entry application or the property at issue in that application without first obtaining leave of the Court." *Id.* at *3. Judge Hunt further ordered that to obtain leave, Plaintiff must "submit a copy of this Order with his proposed complaint, and certify and demonstrate that the claims he wishes to present are new claims never before raised and disposed of by any federal court." *Id.* The Ninth Circuit affirmed the order, stating that the "district court did not abuse its discretion when it issued a pre-filing review order against Franklin, after giving him notice and an opportunity to be heard, developing a record for review, making findings regarding previous filings, and tailoring the restriction narrowly." *Franklin v. Chatterton*, 358 F. App'x 970, 972 (9th Cir. 2009).

In this case, Plaintiff has not obtained leave of the Court or certified that his claims have not yet been raised and disposed of. Thus, the Court GRANTS the Motion to Dismiss. "It is well-settled that 'a court may dismiss a complaint filed by a vexatious litigant that violates an injunctive order entered by another court.'" *Adams v. Hedgpeth*, No. LA CV 11-03852 VBF-FFM, 2016 WL 4035607, at *15 (C.D. Cal. June 8, 2016) (quoting *Justice v. Koskinen*, 109 F. Supp.3d 142, (D.D.C. June 16, 2015)). Plaintiff must obtain leave of the Court by submitting a copy of Judge Hunt's Order along with a proposed amended complaint and certification.

### V.     CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss, (ECF No. 7), is **GRANTED.** Plaintiff may have 21 days from the date of this Order to file for leave of the Court as described in Judge Hunt's order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for this Court to Review the Final Interior Decision, (ECF No. 20), is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave, (ECF No. 38), is **DENIED**.

**DATED** this __21__ day of February, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT