UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BOBBY LEN FRANKLIN,

                    Plaintiff,
        vs.

TOWN OF LAUGHLIN, NEVADA, *et al.*

                    Defendants.

Case No.: 2:24-cv-00903-GMN-DJA

ORDER

Pending before the Court are the Motion for Leave to File Document, (ECF No. 64),[1] and the Motion for Leave to Proceed in this Civil Action, (ECF No. 70), filed by Plaintiff Bobby Len Franklin.

For the reasons discussed below, the Court DENIES Plaintiff's Motions.

I.      **BACKGROUND**

This case arises out of the Bureau of Land Management's ("BLM's") denial of Plaintiff's Desert Land Entry ("DLE") application in 1988, and Defendants' alleged fraudulent actions following the denial. (*See generally* Compl., ECF No. 1).  Plaintiff alleges that he purchased 80 acres of land pursuant to the Desert Land Entry Act, and about 20 years later, D.J. Laughlin acquired three adverse patents for the same land and transferred the rights to "BWD LLC shell companies." (*Id.* ¶¶ 6–7).  He further alleges that Mr. Laughlin paid his attorney, Defendant Urga, to convince Judge Sandoval to omit Plaintiff's existing patent rights from pretrial discovery, which led to Judge Sandoval granting ownership of the land to the shell

---

[1] This is Plaintiff's second filed Motion for Leave to File Document.  Plaintiff filed another Motion for Leave to File Document, (ECF No. 63), which is identical to his second motion except that it does not include as an exhibit a copy of Judge Hunt's Order in *Franklin v. Chatterton*, No. 2:07-cv-01400-RLH-RJJ, 2008 WL 11451136 (D. Nev. Apr. 21, 2008).  The Court thus STRIKES the Motion for Leave to File Document, (ECF No. 63), from the docket as a duplicate.

companies. (*Id.* ¶ 8).  Plaintiff brings claims for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (*Id.* ¶¶ 20–23).  In 2008, Judge Hunt enjoined Plaintiff from filing further civil actions based on his 1988 DLE application without first obtaining leave of the Court. (*See* Order Granting Mot. Dismiss 2:10–12, ECF No. 62); (Judge Hunt Order, Ex. 1 to Mot. Dismiss, ECF No. 7-1).

The Court granted Defendant Town of Laughlin, Nevada's Motion to Dismiss Plaintiff's Complaint, (ECF No. 7), because Plaintiff failed to obtain leave of Court or certify that his claims had not yet been raised or disposed of by a federal court, as required by Judge Hunt's Order. (Order Granting Mot. Dismiss 4:14–15).  Plaintiff thereafter filed the instant motions seeking leave from the Court to file his Proposed Amended Complaint, (ECF No. 64-3).

## II.     LEGAL STANDARD

The All Writs Act, 28 U.S.C. § 1651(a), empowers federal district courts to enjoin vexatious litigants who have a history of abusing the court's limited resources. *See De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990).  Under the All Writs Act, a district court can order a person with lengthy histories of abusive litigation—a vexatious litigant—to obtain leave of the court before filing any future lawsuits. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 165l(a)).  To enjoin a vexatious litigant, a party must be given notice and an opportunity to be heard. *De Long*, 912 F.2d at 1147.  Courts must then set forth an adequate record for review and make "substantive findings about the frivolous or harassing nature of the plaintiff's litigation." *Molski*, 500 F.3d at 1057.  The pre-filing order must be narrowly tailored to the vexatious litigant's wrongful behavior." *Id.* at 1061.

## III.    DISCUSSION

In *Franklin v. Chatterton*, No. 2:07-cv-01400-RLH-RJJ, 2008 WL 11451136 (D. Nev. Apr. 21, 2008), Judge Hunt ordered that Plaintiff may not file any civil action based on his 1988 DLE application or the property at issue without first obtaining leave of the Court. *Id.* at

*3.  In seeking leave of the Court, Judge Hunt ordered that Plaintiff must "submit a copy of this Order with his proposed complaint, and certify and demonstrate that the claims he wishes to present are new claims never before raised and disposed of by any federal court." *Id.*

Here, the Court construes both Plaintiff's Motion for Leave to File Document and Motion for Leave to Proceed in this Civil Action as one motion for leave of the Court to file his Proposed Amended Complaint.  Plaintiff properly attaches Judge Hunt's Order to his Motion for Leave and includes a certification that the claims raised in his Proposed Amended Complaint have not yet been raised or disposed of by a federal court. (Decl. Certification, Ex. 2 to Mot. Leave File Doc., ECF No. 64–2).  However, the Court finds that Plaintiff fails to demonstrate that these claims have never been raised before.

Judge Hunt's Order unambiguously required Plaintiff not only to certify that any claims contained in a complaint had never been raised before a federal court, but to *demonstrate* the same. *Franklin*, 2008 WL 11451136 at *3.  Here, Plaintiff merely asserts that these claims are new, providing nothing to convince the Court that he has not raised these claims in the past. Judge Hunt's Order, filed in 2008, catalogued six lawsuits filed by Plaintiff relating to his 1988 DLE application or the property at issue. *See id.* at *1–*2.  Nearly two decades have passed since the entry of Judge Hunt's Order.  Plaintiff does not inform the Court whether he has filed any cases in the interim, nor the kinds of claims raised in those cases.  It is not the job of the Court to sift through every potential case filed by Plaintiff to verify that he has in fact not previously raised the claims presented in his Proposed Amended Complaint before a federal court. *See, e.g.*, *U-Haul Co. of Nevada, Inc. v. Gregory J. Kramer, Ltd.*, No. 2:12-cv-00231-KJD-CWH, 2013 WL 4505800, at *2 (D. Nev. Aug. 21, 2013) (citing *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003)).  Rather, as specified in Judge Hunt's Order, it is Plaintiff's burden to demonstrate to this Court that the claims he wishes to raise are in fact new.  The Court therefore DENIES Plaintiff's Motions to Leave, but grants

Plaintiff leave to amend.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Document, (ECF No. 63), is **STRICKEN**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Document, (ECF No. 64), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Proceed in this Civil Action, (ECF No. 70), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall have 21 days from the date of this Order to file for leave of Court and demonstrate that the claims contained in his Proposed Amended Complaint have not yet been raised or disposed of by a federal court by: (1) including a list of each action filed by Plaintiff in federal court relating to his 1988 DLE application or the property at issue, (2) listing all claims raised in each of those cases, and (3) explaining how the current claims are different than before.

**DATED** this __6__ day of February, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court