**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BOBBY LEN FRANKLIN,

Plaintiff,

vs.

TOWN OF LAUGHLIN, NEVADA, *et al.*,

Defendants.

Case No.: 2:24-cv-00903-GMN-DJA

**ORDER DISMISSING CASE WITH PREJUDICE AND DENYING MOTIONS AS MOOT**

Pending before the Court are Plaintiff Bobby Len Franklin's Motion for Leave to Respond, (ECF No. 83), Amended Motion for Leave to Respond, (ECF No. 84), Motion for Leave to File Document, (ECF No. 86), and Motion to Expedite, (ECF No. 91). For the reasons discussed below, the Court DISMISSES this action with prejudice and DENIES Plaintiff's Motions as moot.

## I. BACKGROUND

This case arises out of the Bureau of Land Management's ("BLM's") denial of Plaintiff's Desert Land Entry ("DLE") application in 1988 and Defendants' alleged fraudulent actions following the denial. (*See generally* Compl., ECF No. 1). Plaintiff alleges that he purchased 80 acres of land pursuant to the Desert Land Entry Act in 1988, but in 2006, D.J. Laughlin acquired three adverse patents for the same land and transferred the rights to various Defendants BWD Properties. (*Id.* ¶¶ 6–7). He further alleges that Mr. Laughlin paid his attorney, Defendant William Urga, to convince Judge Sandoval to omit Plaintiff's existing patent rights from pretrial discovery in the subsequent federal proceeding, which led to Judge Sandoval granting ownership of the land to the shell companies. (*Id.* ¶ 8).

In the decades since his DLE application was denied, Plaintiff has embarked on a ceaseless campaign to redress Defendants' perceived misconduct. He has repeatedly brought related actions in federal court in Nevada and other districts.[1] Judge Hunt, presiding over the sixth such suit, enjoined Plaintiff from filing further civil actions based on his 1988 DLE application without first obtaining leave of the Court. (*See* Order Granting Mot. Dismiss 2:10–12, ECF No. 62); (Judge Hunt Order, Ex. 1 to Mot. Dismiss, ECF No. 7-1); *see also Franklin v. Chatterton*, No. 2:07-cv-1400, 2008 WL 11451136, at *3 (D. Nev. Apr. 21, 2008), *aff'd*, 358 F. App'x 970 (9th Cir. 2009), *cert. denied*, 561 U.S. 1022 (2010).

In the present action, at least his eighth related to the 1988 DLE application, Plaintiff brings claims for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (Compl. ¶¶ 20–23). The Court first granted Defendant Town of Laughlin, Nevada's Motion to Dismiss, (ECF No. 7), because Plaintiff failed to obtain leave of Court or certify that his claims had not yet been raised or disposed of by a federal court, as required by Judge Hunt's Order. (Order Granting Mot. Dismiss 4:14–15).

Plaintiff subsequently filed several motions seeking leave from the Court to file his Proposed Amended Complaint, (ECF No. 64-3), and proceed in this action. The Court denied those motions because Plaintiff *again* failed to comply with the pre-filing requirements of Judge Hunt's Order. (Order Denying Mot. Leave 3:4–10, ECF No. 85). In that order, the Court allowed Plaintiff to "file for leave of Court and demonstrate that the claims contained in his

---

[1] *Franklin v. United States*, No. cv-s-93-01140 (D. Nev. 1993), *aff'd*, 46 F.3d 1140 (9th Cir. 1995), *cert. denied*, 516 U.S. 829 (1995); *United States v. Franklin*, No. cv-s-96-1089 (D. Nev. 1996) (counterclaim); *Franklin v. Bilbray*, No. cv-s-97-037 (D. Nev. 1997), *aff'd*, 172 F.3d 56 (9th Cir. 1999), *cert. denied*, 528 U.S. 863 (1999); *Franklin v. U.S. Dep't of the Interior*, No. 2:04-cv-0128 (D. Nev. 2004), *aff'd sub nom.*, *Franklin v. U.S. Bureau of Land Mgmt.*, 125 F. App'x 152 (9th Cir. 2005), *cert. denied*, 546 U.S. 1004 (2005); *Franklin v. United States*, No. cv-05-3719 (D. Ariz. 2005), *aff'd sub nom.*, *Franklin v. Welsh*, 189 F. App'x 675 (9th Cir. 2006), *cert. denied*, 549 U.S. 1220 (2007); *BWD Props. 2, LLC v. Franklin*, No. 2:06-cv-01499 (D. Nev. Nov. 21, 2006) (third-party complaint); *Franklin v. Chatterton*, No. 2:07-cv-1400 (D. Nev. Oct. 18, 2007), *aff'd*, 358 F. App'x 970 (9th Cir. 2009), *cert. denied*, 561 U.S. 1022 (2010); *Franklin v. Laughlin*, No. SA-10-CV-1027 (W.D. Tex. Dec. 20, 2010), *aff'd*, 442 F. App'x 177 (5th Cir. 2011), *cert. denied*, 565 U.S. 1255 (2012).

Proposed Amended Complaint have not yet been raised or disposed of by a federal court by: (1) including a list of each action filed by Plaintiff in federal court relating to his 1988 DLE application or the property at issue, (2) listing all claims raised in each of those cases, and (3) explaining how the current claims are different than before." (*Id.* 4:10–14).

Plaintiff filed a Motion for Leave to Respond, (ECF No. 83), and an Amended Motion for Leave to Respond, (ECF No. 84). The Amended Motion appears only to correct the ECF number of the minute order to which Plaintiff responds. (*See generally* Am. Mot. Leave). Plaintiff then filed a Motion for Leave to Demonstrate the Claims Contained in the Proposed Amended RICO Complaint Are New Claims in Federal Court, (ECF No. 86), which requests that the Court accept the Plaintiff's Proposed Amended Complaint and allow him to proceed in this action. (Mot. Leave Demonstrate 8:2–6).

## II. <u>LEGAL STANDARD</u>

The All Writs Act, 28 U.S.C. § 1651(a), empowers federal district courts to enjoin vexatious litigants who have a history of abusing the court's limited resources. *See De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). Under the All Writs Act, a district court can order a person with lengthy histories of abusive litigation—a vexatious litigant—to obtain leave of the court before filing any future lawsuits. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 1651(a)). To enjoin a vexatious litigant, a party must be given notice and an opportunity to be heard. *De Long*, 912 F.2d at 1147. The court must then set forth an adequate record for review and make "substantive findings about the frivolous or harassing nature of the plaintiff's litigation." *Molski*, 500 F.3d at 1057. "[T]he pre-filing order must be narrowly tailored to the vexatious litigant's wrongful behavior." *Id.* at 1061.

A court can dismiss an action *sua sponte* pursuant to a vexatious litigant pre-filing order if the litigant's complaint is within the scope of the pre-filing order and the litigant fails to

comply with the pre-filing requirements. *See Van Hook v. Idaho*, No. 23-3547, 2023 WL 8715641, at *1 (9th Cir. Dec. 18, 2023); *In re Fillbach*, 223 F.3d 1089, 1090–91 (9th Cir. 2000). The court may also find the vexatious litigant in civil contempt if "(1) [the party] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).

## III. DISCUSSION

Plaintiff's Motion for Leave to Respond claims that he has already complied with Judge Hunt's Order. (Mot. Leave Respond 2:7–19). His Motion for Leave to Demonstrate sets forth in greater detail his response to the Court's Order requiring additional explanation of his current claims. (Mot. Leave Demonstrate 2:18–7:11). The Court construes both Plaintiff's Motion for Leave to Respond and Motion for Leave to Demonstrate the Claims as one motion for leave of the Court to file his Proposed Amended Complaint.

### A. Compliance with Judge Hunt's Order and This Court's Order

Judge Hunt's Order requires that before Plaintiff may file a civil action based on his 1988 DLE application in this Court, he must first seek leave of the Court by "certify[ing] and demonstrat[ing] that the claims he wishes to present are new claims never before raised and disposed of by any federal court." *Franklin v. Chatterton*, 2008 WL 11451136, at *3.

Plaintiff initially failed to demonstrate that his claims had not previously been raised in federal court. (Order Denying Mot. Leave 3:9–25); (*see also* Order Granting Mot. Dismiss 4:14–20). The Court noted that "[n]early two decades have passed since the entry of Judge Hunt's Order," yet "Plaintiff does not inform the Court whether he has filed any cases in the interim, nor the kinds of claims raised in those cases." (*Id.* 3:16–18). The Court ordered Plaintiff to file for leave to proceed by listing all Plaintiff's federal suits related to his 1988

DLE application or the property at issue and detailing the claims raised in those cases. (*Id.* 4:11–13).

Plaintiff's Motion for Leave to Demonstrate once again only includes the suits listed in Judge Hunt's Order. (Mot. Leave Demonstrate 2:21–3:23). Yet a cursory search reveals at least one action filed by Plaintiff since the issuance of Judge Hunt's Order in 2008. In 2010, Plaintiff filed suit in the Western District of Texas against D.J. Laughlin, BWD Properties, and the United States for the denial of his land patent applications. *Franklin v. Laughlin*, No. SA-10-CV-1027 (W.D. Tex. Dec. 20, 2010). That action was dismissed for failing to comply with Judge Hunt's Order, 2011 WL 672328 (W.D. Tex. Feb. 15, 2011), the Fifth Circuit affirmed the dismissal, 442 F. App'x 177 (5th Cir. 2011), and the Supreme Court denied Plaintiff's petition for writ of certiorari, 565 U.S. 1255 (2012).

"Judges are not like pigs, hunting for truffles," and it is not the role of the Court to repeatedly verify whether Plaintiff has raised similar claims in his voluminous catalog of litigation. *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam)). Because he neglected to report at least one pertinent action, Plaintiff failed to comply with Judge Hunt's Order and this Court's Order.

**B. Leave to File Amended Complaint**

This Court ordered Plaintiff to "explain[] how the current claims are different than before" to support a motion for leave to file his Proposed Amended Complaint. (Order Denying Mot. Leave 4:14). Even construed liberally,[2] Plaintiff's explanation is unpersuasive.

First, Plaintiff claims that "no court . . . ever addressed Plaintiff's land patent rights mandated in *Stockley* [*v. United States*, 260 U.S. 532 (1923)]." (Mot. Leave Demonstrate 4:7–

[2] Courts have a duty to construe pro se motions and pleadings liberally. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

9). Yet Plaintiff's own list of prior federal actions indicates he brought his claims for alleged violations of *Stockley* in at least four cases. (*Id.* 2:25–3:23). While the Court may not have addressed Plaintiff's *Stockley*-related claims to his satisfaction, they were raised and disposed of several times.

Second, Plaintiff claims that Defendant Urga "has submitted the same fraud upon this Court in [this action], as he did in the last court(s), to corruptly get this RICO Case dismissed." (*Id.* 5:7–10). Plaintiff insists that Defendant Urga "fooled the past courts," that "in every filing [he] has made in this Court are fraudulent and deceitful lies," and that "he should be sanctioned . . . for his perpetual fraud on the past court(s)." (*Id.* 6:11–12, 6:18–19, 7:9–10). Once again, Plaintiff describes a purportedly new claim by referring to grievances raised in his prior proceedings.

The Court thus concludes that Plaintiff has not shown that his current claims are different than claims previously brought in this Court or other federal courts. Plaintiff cannot continue his "quixotic crusade" to relitigate issues disposed of more than 30 years ago. *Franklin v. Chatterton*, 2008 WL 11451136, at *4 (noting the many instances in which the Ninth Circuit affirmed dismissal and the Supreme Court denied Plaintiff's petitions for writ of certiorari).

Because Plaintiff's Proposed Amended Complaint is within the scope of Judge Hunt's Order, and because Plaintiff failed to comply with the pre-filing requirements even after this Court granted him leave to amend, the Court DISMISSES this action with prejudice. Plaintiff's pending Motion for Leave to Respond and Motion for Leave to Demonstrate are DENIED as moot.

**C. Subsequent Litigation**

Judge Hunt's Order warned that "[u]pon failure to certify or upon a false certification, [Plaintiff] may be found in contempt of court and punished accordingly." *Franklin v.*

*Chatterton*, 2008 WL 11451136, at *3. Petitioner is advised that he may be found in contempt if he files another complaint without seeking leave of Court or does not list *all* related federal suits in a future motion for leave.

Furthermore, as the Western District of Texas previously explained to Plaintiff, he has violated Federal Rule of Civil Procedure 11 by pursuing claims that he knows or should know to be frivolous. *See* Fed. R. Civ. P. 11; *Franklin v. Laughlin*, 2011 WL 672328, at *2. Plaintiff has been repeatedly instructed by this Court and by the Western District of Texas that he cannot relitigate these issues, which are "patently without merit." *Franklin v. Chatterton*, 2008 WL 11451136, at *4. Even the Supreme Court of the United States has taken exception to Plaintiff's "repeated[] abuse[]" of its process. *Franklin v. Laughlin*, 565 U.S. 1255, 1255 (2012) (dismissing petition for writ of certiorari). Plaintiff is advised that the Court may sanction him—*e.g.*, by imposing monetary penalties or withdrawing his ability to appear before the Court—if he again violates Rule 11 by filing frivolous claims.

///

///

///

///

///

///

///

///

///

///

///

///

**IV. <u>CONCLUSION</u>**

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Amended Motion for Leave to Respond, (ECF No. 84), Motion for Leave to Demonstrate, (ECF No. 86), and Motion to Expedite, (ECF No. 91), are **DENIED as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Respond, (ECF No. 83), is **STRICKEN.**

The Clerk of Court is kindly directed to close the case.

**DATED** this 16 day of September, 2026.

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT